UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-23037-CIV-JORDAN/MCALILEY

FLORIDA PEDIATRIC SOCIETY, et al.,

　　Plaintiffs,

v.

SECRETARY OF THE FLORIDA AGENCY
FOR HEALTH CARE ADMINISTRATION, et al.,

　　Defendants.
_____/

**REPORT AND RECOMMENDATION ON MOTION TO INTERVENE
FOR THE PURPOSE OF SERVING AS CLASS REPRESENTATIVES**

Pending before this Court is the Motion to Intervene for the Purpose of Serving as Class Representatives [DE 168], filed by C.G., M.B., K.V., S.C., K.S., and S.B. (collectively the Intervening Plaintiffs). The Intervening Plaintiffs ask to intervene in this action for the purpose of serving as named plaintiffs and class representatives. For the reasons that follow, this Court recommends that the Motion be granted.[1]

**I.  Background**

In this action Plaintiffs accuse Defendants of systematically failing to administer Florida's Medicaid program in compliance with federal law. Specifically, Plaintiffs claim that Defendants have violated Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, by failing to provide children in Florida enrolled in Medicaid with essential medical and

---

[1] The Motion was referred to the undersigned by the Honorable Adalberto Jordan. [DE 218].

dental services.  [DE 77].

This action was filed in November, 2005 by two organizational and six individual Plaintiffs.  [DE 1].  Later, one of the individual Plaintiffs voluntarily dismissed her claims. [DE 36].  On May 21, 2007, Plaintiffs filed a motion for leave to file an amended complaint, seeking to add six additional individual Plaintiffs.  [DE 73].  The Court granted that motion [DE 76], and Plaintiffs filed their amended complaint on June 5, 2007 [DE 77].  Plaintiffs then moved for class certification on September 21, 2007.  [DE 93].  Six of the individual Plaintiffs were dropped from the lawsuit on March 17, 2008, either because they told counsel they no longer want to serve as named plaintiffs and class representatives, or because counsel had not been able to contact them for a sustained period of time.  [DE 165, 169].  Thus, at this point, the putative class is represented by five individuals[2] and two organizations.

Six additional individuals now ask to be added as named plaintiffs and class representatives.  Their Motion has been thoroughly briefed,[3] and on May 20, 2008, the undersigned heard oral argument from the parties.

**A.  This Court's interim ruling**

At the conclusion of oral argument the undersigned advised the parties that she would

---

[2] In their Motion the Intervening Plaintiffs say the putative class is currently represented by four individuals.  [DE 168, p. 2].  The Court, however, understands the putative class to currently be represented by five individuals - A.D., R.G., L.G., E.W., and C.R.

[3] The Motion was filed on March 17, 2008 [DE 168], Defendants filed a response on April 3, 2008 [DE 188], Plaintiffs filed their reply memorandum and proposed second amended complaint on April 30, 2008 [DE 220], and Defendants filed a sur-reply memorandum on May 9, 2008 [DE 225].

recommend that the Motion to Intervene be granted, but advised that there would be a delay in issuing this written Report and Recommendation. This Court also has before it Plaintiffs' Motion for Class Certification [DE 93], and understands that if the Motion to Intervene is ultimately granted, that the parties may wish to amend their briefing on class certification to address the suitability of the Intervening Plaintiffs, under Rule 23, as class representatives. So as to minimize any delay, at the conclusion of oral argument the undersigned ordered the parties to proceed with discovery concerning the Intervening Plaintiffs, so that they will be in position, once the Honorable Adalberto Jordan rules on the Motion, to supplement their briefing on class certification, if needed, and to argue that motion. [DE 238].

## II.     Analysis

In their Motion, the Intervening Plaintiffs argue that intervention in this action is warranted pursuant to Federal Rule of Civil Procedure 24(b) because: (1) they will help ensure that the putative class is adequately represented, (2) the motion to intervene is timely, and (3) Defendants will not be unduly prejudiced by intervention. [DE 168, 220]. The Intervening Plaintiffs further argue that there is good cause under Rule 16 to modify the Court's pretrial schedule to allow for intervention at this time. [*Id*.]. For the reasons stated below, the Intervening Plaintiffs have shown that intervention is warranted and that the pretrial schedule should be modified to accommodate their intervention.

### A.     Permissive intervention pursuant to Rule 24(b)

Courts have the discretion, on a "timely motion," to permit intervention by anyone with "a claim or defense that shares with the main action a common question of law or fact."

Fed.R.Civ.P. 24(b).  In exercising its discretion, this Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*.

### 1. Common question of law or fact

The proposed Second Amended Complaint filed by the Intervening Plaintiffs [DE 220-2], asserts the same causes of action that are in the current Complaint [DE 77]. In fact, the only difference between the two complaints is the inclusion of the Intervening Plaintiffs, with summary assertions of the ways in which each has been denied services to which they are entitled under Medicaid. [DE 220-3, ¶¶ 18-23]. Since the Intervening Plaintiffs' claims clearly share common questions of law and fact with those of the current named Plaintiffs, Intervening Plaintiffs argue that permissive intervention is plainly warranted under Rule 24(b). They argue that intervention is all the more appropriate given the attrition of individual named Plaintiffs, which is explained by "the protracted nature of this case" and "the economic challenges faced by many Medicaid recipients." [DE 168, p. 2]. They contend that their inclusion as plaintiffs would ensure sufficient adequate representation of the class over the course of the litigation. [*Id.*].

Defendants have opposed Plaintiffs' Motion for Class Certification, in part by arguing that the individual named Plaintiffs' claims are too idiosyncratic and not typical of those of the large proposed class, and that therefore Plaintiffs are unable to adequately represent the interests of that class. [*See generally* DE 104, 182-3]. Defendants also oppose class certification with their contention that the Plaintiffs have not pled facts that would give them standing to bring each of the claims alleged in their complaint. [*Id.*]. The Motion to

Intervene is brought, at least in part, in response to these defense arguments, and the Intervening Plaintiffs contend that these arguments make their intervention especially appropriate. The Intervening Plaintiffs contend they will supplement the current group of class representatives by providing a broader spectrum of examples of the failures of Florida's Medicaid system, add to the geographic diversity of the named representatives, and help address Defendants' stated concerns regarding standing. [DE 168, p. 8].

Defendants approach the question of intervention from a different perspective: they argue that Plaintiffs' efforts to bring this lawsuit as a class action are fatally flawed, with or without the Intervening Plaintiffs, because the named Plaintiffs cannot meet the requirements of Rule 23. For example, Defendants assert that each named Plaintiff can only establish the cause of their alleged harm by individualized rather than common proof. [DE 225, p. 6]. According to Defendants, the addition of the Intervening Plaintiffs won't change this, and the Court should exercise its discretion to deny intervention as an improper (and ultimately futile) attempt to obtain a "do-over" of the class certification process. [DE 225, p. 2]. Defendants argue that intervention would only add needless and unjustifiable expense.[4] [DE 225, p. 4].

---

[4] Defendants argue that this case is similar to *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973), where the court found that the individual plaintiffs were not proper class representatives because they lacked typicality, and therefore a motion to intervene by additional plaintiffs represented "a back-door attempt to begin the action anew, and need not be granted." [*See* DE 225, pp. 4-5]. However, *Lidie* is distinguishable because in that case the Ninth Circuit held that the original plaintiffs were not qualified to represent the class because of their idiosyncratic harms, and intervention would not have cured the problem. *Id.* Here, the Court has not yet determined whether the individual Plaintiffs are proper class representatives.

In this Court's view, with these arguments the Defendants attempt to "put the cart before the horse."  Whether this case can and should be certified as a class action is a question that is not ready for resolution.  The Motion to Intervene presents an interim question this Court must resolve, before it gets to the merits of class certification.

Defendants have challenged the typicality of the individual Plaintiffs' claims and their ability to adequately represent the class, and this Circuit has favored intervention as an opportunity for a class to cure these kinds of alleged deficiencies.  In *Birmingham Steel Corp. v. Tennessee Valley Auth.*, for example, the district court decertified a class because the named plaintiff became an inadequate representative.  353 F.3d 1331 (11th Cir. 2003).  The Eleventh Circuit reversed and remanded, and found that the district court abused its discretion by not allowing class counsel reasonable time to determine whether a new class representative could be substituted, and by decertifying the class without first giving potential class members an opportunity to intervene.  *Id.*, at 1342.

*Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985), serves as another example of the use of intervention to cure problems with class representation.  Plaintiffs in that class action challenged the conditions in a local Alabama jail.  The district court did not certify the class, in part because it considered the named plaintiff an inadequate representative.  At the time the trial court denied certification, two pending motions to intervene by potentially adequate class representatives were pending, which were denied as moot.  The Eleventh Circuit reversed, concluding the district court erred in denying class certification without first deciding whether the proposed intervenors could serve as adequate class representatives,

6

thereby allowing the class action to go forward. *Id.*, at 781.

Thus, under *Birmingham* and *Cotterall,* this Circuit has recognized intervention as a means for plaintiffs, when class certification is opposed because their proposed class representatives are under attack, to attempt to cure the alleged deficiencies of their representatives, and thereby secure their opportunity to proceed as a class action. This Court is persuaded that this is such a case, and that intervention should be permitted.[5]

### 2. Timeliness of the motion to intervene

Defendants also argue that intervention should be denied because the Intervening Plaintiffs have not their burden, under Rule 24(b), to show that their Motion was timely made. [DE 188, p. 11]. This Circuit has recognized that "'timeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.'" *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (quoting *McDonald v. E.J. Lavino Co.,* 430 F.2d 1065, 1074 (5th Cir. 1970)).[6]

It is within the court's discretion to determine the timeliness of an intervention

---

[5] In reaching this conclusion, this Court offers no opinion as to whether the inclusion of the Intervening Plaintiffs allows the Plaintiffs, as a whole, to meet the adequacy and typicality requirements of Rule 23. This question will be resolved when the Court rules on the motion for class certification.

[6] Defendants recognize that this flexible standard governs the question of timeliness. [DE 188, p. 11].

motion. *Stallworth v. Monsato Co.*, 558 F.2d 257, 263 (5th Cir. 1977).[7] In deciding whether a motion to intervene is timely, the court must consider the following factors: (1) the length of time during which the proposed intervenor knew or reasonably should have known of his interest in the case before moving to intervene, (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as he knew or reasonably should have known of his interest, (3) the extent of prejudice to the proposed intervenor if the motion to intervene is denied, and (4) the existence of unusual circumstances militating either for or against a determination that the motion to intervene was timely. *Id*. at 264-66; *Ga. v. U. S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002). Application of these factors leads this Court to conclude that the motion to intervene is timely. With respect to the first factor, Defendants argue that the Intervening Plaintiffs have not established how long they have known of their interest in this case, and thus this factor cannot weigh in favor of finding that the motion is timely. [DE 188, p. 13]. The Intervening Plaintiffs, however, did file the Motion to Intervene on same day the Court allowed six individuals to withdraw as potential class representatives [DE 169], and four months after Defendants first challenged the sufficiency of class representation [*see* DE 104]. On this record, this Court finds that the Intervening Plaintiffs brought their Motion with reasonable promptness once it became apparent that the class representatives may have difficulty satisfying the requirements of Rule 23. This factor, thus, weighs in favor of

---

[7] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

finding the Motion timely.

Likewise, the second factor also weighs in favor of the Intervening Plaintiffs. "[T]he relevant issue is not how much prejudice would result from allowing intervention, but rather how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case." *Stallworth*, 558 F.2d at 267. As already noted, this Court does not believe that the Intervening Plaintiffs unreasonably delayed in bringing their Motion, and as explained in the following section, this Court concludes that Defendants will not be unduly prejudiced by intervention.

As for the third factor, Defendants argue that the Intervening Plaintiffs would not be prejudiced if the Motion to Intervene is denied because they can always pursue their claims in a separate lawsuit. [DE 188, pp. 15-16]. The Court rejects this argument, as starting a new lawsuit, after the parties have diligently litigated this matter for three years, would be terribly inefficient and unreasonably costly to all involved.

Finally, neither party has demonstrated any unusual circumstances that militate either for or against a determination that the Motion was timely filed. Accordingly, having considered these four factors, this Court concludes that the Motion to Intervene is timely.

### 3. Delay or prejudice to Defendants caused by intervention

Defendants claim that intervention will cause undue delay and prejudice in several ways. First, Defendants state that approximately two additional months will be needed to take discovery concerning the Intervening Plaintiffs, thereby postponing a decision on class

certification. [DE 188, p. 6]. However, two months is a relatively short delay given the three year history of this lawsuit and does not persuade this Court that intervention should be denied. *See*, *Lutheran Bhd. Variable Ins. Prod. Co. Sales Practices Litig.*, No. 99-MD-1309 (PAM), 2002 WL 31371945, at *4 (D. Minn., Oct. 7, 2002) ("[E]ven if Lutheran Brotherhood needs to depose each of the new class representatives and review documents related to their claims in the context of this litigation, four depositions and relatively limited document review hardly seems an undue burden.").[8]

Resolution of the Motion to Intervene will necessarily postpone resolution of the Motion for Class Certification, and Defendants argue that this will cause the deadline for expert reports to arise before the Court decides the question of certification. Therefore, this would put Defendants in the position of engaging in the costly preparation of expert reports on the assumption that the class will be certified, which will turn out to be a wasted expense if certification is denied. [DE 188, pp. 6-8]. At the time the parties argued the Motion to Intervene, the deadline to submit expert reports was July 1, 2008. [DE 138]. However, since then the parties jointly moved to modify the Court's pre-trial schedule and extend the expert report deadline to February 2, 2009. [DE 248]. The Honorable Adalberto Jordan agreed to hear oral argument on that motion on August 22, 2008. [DE 252]. If Judge Jordan extends the expert report deadline, this claim of prejudice by the Defendants will become moot.

Defendants also claim they may have difficulty getting discovery that will become

---

[8] Delay occasioned by the possible intervention has been minimized by the parties engaging in discovery concerning the Intervening Plaintiffs, while this Report and Recommendation, and any objections to it, are considered by the presiding District Court Judge.

necessary if the additional Plaintiffs intervene, because changes in Defendant Agency for Health Care Administration's (AHCA) fiscal agent may impair AHCA's ability to obtain and analyze claims data related to the Intervening Plaintiffs. [DE 188, pp. 9-10]. AHCA's choice to contract with a new fiscal agent, however, does not relieve Defendants of their obligation to provide discovery and certainly can not be viewed as prejudice created by the Intervening Plaintiffs.

In sum, this Court concludes that Defendants will not be unduly prejudiced by intervention.

### B.    Modification of trial schedule under Rule 16

The Court established May 19, 2007 as the deadline to add new parties to the lawsuit [*See* DE 59, amended by DE 84], and the Motion to Intervene was filed after that deadline. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Defendants argue that the Intervening Plaintiffs have failed to establish good cause to modify the Court's scheduling order, and therefore should not now be allowed to intervene in the lawsuit. [DE 188, pp. 16-17, DE 225, pp. 8-10].

Under Rule 16(b), the good cause inquiry turns on whether the party seeking modification of the pretrial schedule was diligent in attempting to meet the pretrial scheduling order deadlines. *See Sosa v. Airprint Systems*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (quoting Fed.R.Civ.P. 16 advisory

11

committee's note)).

A review of the record shows that Plaintiffs have been diligent in their prosecution of this lawsuit and have not carelessly allowed court-ordered deadlines to pass. As stated above, this Motion is an effort to reinforce and supplement class representation because of the attrition of the named Plaintiffs in the putative class, and in response to Defendants' challenges to class certification. The Intervening Plaintiffs were diligent in filing the Motion to Intervene the same day that the Court granted the motion to remove six of the individual Plaintiffs from the lawsuit, and four months after Defendants first challenged the sufficiency of class representation.

These facts are clearly distinguishable from those presented to the Eleventh Circuit Court of Appeals in *Sosa*. In that case, the plaintiff filed a motion to amend the complaint, well after the time prescribed by the scheduling order, to add a second defendant when it was apparent that she could not maintain an action against the original defendant because of lack of subject matter jurisdiction. The district court denied the motion as untimely. The Eleventh Circuit affirmed, finding that the plaintiff was not diligent in pursuing her claim, as demonstrated by: (1) plaintiff's failure to investigate the jurisdiction issue prior to filing the lawsuit, and then her failure to acquire the necessary information early in the discovery period, (2) the information supporting the proposed amended complaint was available to the plaintiff before she filed the lawsuit, and (3) the defendant informed the plaintiff of the jurisdictional issue two weeks before the deadline for amending her complaint, yet she waited six months to move to amend. *Sosa*, 133 F.3d at 1419.

Unlike the plaintiff in *Sosa*, the Intervening Plaintiffs would not add any new claims or legal theories to the case, and they were diligent in filing this Motion when it became apparent that there were issues with class representation; therefore this Court finds good cause under Rule 16 to modify the Court's pretrial schedule. Accordingly, this Court recommends modification of the Court's scheduling order [DE 59, as amended by DE 84 and 138] to permit intervention at this time.

### III. Conclusion

For the foregoing reasons, this Court respectfully RECOMMENDS that the Motion to Intervene for the Purpose of Serving as Class Representatives [DE 168] be **GRANTED,** and that the Court deem the proposed Second Amended Complaint [DE 220-2], filed.

### IV. Objections Period

The parties may file written objections to this Report and Recommendation with the Honorable Adalberto Jordan **no later than August 13, 2008**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988). Responses to any objections filed may be filed **no later than August 20, 2008**. **There will be no extension of these deadlines.**

RESPECTFULLY SUBMITTED in chambers at Miami, Florida this 30th day of July, 2008.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Adalberto Jordan
All counsel of record