UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 05-23037-CIV-JORDAN

| | |
|---|---|
| FLORIDA PEDIATRIC SOCIETY/THE FLORIDA CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS; FLORIDA ACADEMY OF PEDIATRIC DENTISTRY, INC., et al., </br></br>            Plaintiffs </br></br> vs. </br></br> HOLLY BENSON, in her official capacity as Secretary of the Florida Agency for Health Care Administration, et al., </br></br>            Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### ORDER ADOPTING IN PART MAGISTRATE JUDGE MCALILEY'S REPORT AND RECOMMENDATION AS TO INTERVENTION

The plaintiffs filed this action alleging that the defendant state health officials failed to provide children who are enrolled in Medicaid with essential medical and dental services in violation of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq*. This matter was referred to the Honorable Chris McAliley, United States Magistrate Judge, for a report and recommendation on the plaintiffs' motion to certify a class [D.E. 93] and the motion to intervene [D.E. 168]. Judge McAliley filed a report and recommendation [D.E. 253], recommending that the motion to intervene be granted. The defendants have filed objections to the report and recommendation and the plaintiffs have responded to the objections.

After a *de novo* review of the issues, and after careful consideration, including oral argument, I ADOPT IN PART Judge McAliley's report and recommendation. The proposed second amended complaint [D.E. 220-2] is deemed filed. The clerk of the court is instructed to separately docket the second amended complaint filed as D.E. 220, Exhibit 2.

The Eleventh Circuit has recognized intervention as a means for plaintiffs to attempt to cure the alleged deficiencies of the representatives when class certification is opposed. *See Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1339 (11th Cir. 2003) (holding that district court abused its discretion by decertifying the class without permitting class counsel reasonable time to determine

whether a new class representative could be substituted). *See also Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985) (holding that district court erred in denying class certification without first deciding whether the proposed intervenors could serve as adequate class representatives).

Judge McAliley found that the six additional individuals (C.G., M.B., K.V., S.C., K.S., and S.B.)[1] who moved to be added as named plaintiffs and class representatives should be allowed to intervene. I adopt Judge McAliley's report and recommendation with respect to four of the individuals, K.V., S.C., K.S., and S.B. With respect to C.G., she is the mother of M.G., who has passed away, and both parties conceded at the hearing that her request to intervene should be denied as moot. Additionally, M.B. is the mother of J.B., and class counsel conceded at the hearing that M.B. discussed the possibility of being a class representative in 2005. Her motion to intervene therefore is untimely and is denied. *See, e.g., Campbell v. Hall-Mark Elecs. Corp.*, 808 F.2d 775, 777 (11th Cir. 1987) (denying motion for leave to intervene because the motion was untimely).

Accordingly, I adopt Judge McAliley's report and recommendation with respect to K.V., S.C., K.S., and S.B., and grant their motion for leave to intervene. As for C.G. and M.B., their motions for leave to intervene is denied.

DONE and ORDERED in chambers in Miami, Florida, this 27th day of August, 2008.

*Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copies to:   Magistrate Judge McAliley
             All counsel of record

---

[1] For considerations of confidentiality, the parties have referenced these individuals by their initials only.